UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO:

**MAURICE SMITH,**

    **Plaintiff,**

v.

**MAGIC BURGERS, LLC D/B/A
BURGER KING,**
a Foreign Limited Liability Company,

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MAURICE SMITH ("Mr. Smith" or "Plaintiff") files this Complaint against Defendant, MAGIC BURGERS, LLC d/b/a BURGER KING, ("BK" or "Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.* [1]

3. At all times relevant hereto, Plaintiff was an employee of Defendant and resided in Lake County, Florida.

4. Plaintiff worked for Defendant in Lake County, Florida; therefore, this venue is proper.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours

---

[1] The parties entered into an arbitration agreement, which was provided to Plaintiff's Counsel. As a result, Plaintiff properly filed this case in arbitration. However, the Defendant has chosen to not respond, and, therefore, Plaintiff has filed the instant case in Court.

2

during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## **FACTUAL ALLEGATIONS**

7. Mr. Smith worked for MB, most recently as a General Manager at one of MB's Burger King restaurant locations in Leesburg, Florida, from December 28, 2017, until his forced discharge on July 28, 2020

8. During his years with MB, Mr. Smith was an excellent and reliable employee, and had no significant history of attendance, tardiness, or disciplinary issues.

9. Unfortunately, in mid-July of 2020, Mr. Smith began experiencing symptoms of a serious health condition, specifically coronavirus/COVID-19.

10. On or about July 14, 2020, Mr. Smith, therefore, disclosed his serious health condition to his MB District Manager, Eddie Alvarez.

11. In response, MB failed to inform Mr. Smith of his rights and obligations under the FMLA, or to provide Mr. Smith with FMLA paperwork.

12. Incredibly, Mr. Alvarez deprecated Mr. Smith's serious health condition, saying "just take tea and medicine."

13. Mr. Smith wisely had himself tested, and on July 21, 2020, learned that he was indeed positive for COVID-19.

14. Mr. Smith immediately disclosed this to MB and that he would need to quarantine while he recovered.

15. Again, MB failed to provide Mr. Smith FMLA paperwork, or to advise him of his rights and obligations under the FMLA, in response to this disclosure.

16. Instead, Mr. Alvarez told Mr. Smith that he believed that Mr. Smith was "faking," or providing MB "fake documentation."

17. Undeterred, Mr. Smith went to MB's Human Resources Department and got FMLA paperwork.

18. However, on July 28, 2020, distraught that MB had accused him of "faking," and realizing that the interference, discrimination, abuse, harassment, and retaliation based on his suffering a serious health condition, based on his disclosure of his condition, and based on his need for a period of unpaid FMLA leave in order to treat the condition were only getting worse, Mr. Smith informed MB that he would no longer report to work as of August 11, 2020.

19. In response, Mr. Alvarez informed Mr. Smith that MB had decided to terminate his employment, effective immediately.

20. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against him for attempting to utilize unpaid FMLA leave to treat and address his serious health condition.

21. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

22. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for his use of protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

23. The timing of Plaintiff's disclosure of an FMLA qualifying event, and Defendant's termination of his employment, alone, demonstrate a causal connection between his serious health condition disclosure, his request for FMLA leave, and these illegal actions taken by Defendant against him.

24. Defendant's stated reason for Plaintiff's termination is a pretext for FMLA interference and retaliation.

25. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for suffering a serious health condition and disclosing to Defendant his need for unpaid FMLA leave in order to treat and address the condition.

26. Defendant did not have a subjective or objective good faith basis for its actions; therefore, Plaintiff is entitled to liquidated damages.

27. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

# COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 27, above, as if fully set forth herein.

29. At all times relevant hereto, Plaintiff was protected by the FMLA.

30. At all times relevant hereto, Defendant interfered with Plaintiff by having an aggressive and hostile demeanor in response to Plaintiff's disclosure of his serious health condition, by making intrusive inquiries about the seriousness of his serious health condition, failing to advise Plaintiff of his rights and obligations under the FMLA, and by refusing to allow Plaintiff to exercise his FMLA rights freely.

31. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

32. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief,

declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 27, above, as if fully set forth herein.

35. At all times relevant hereto, Plaintiff was protected by the FMLA.

36. At all times relevant hereto, Defendant retaliated against Plaintiff by creating a hostile work environment forcing Plaintiff's discharge for him disclosing his serious health condition and attempting to utilize FMLA protected leave.

37. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

38. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff for exercising or attempting to exercise his rights to take approved leave pursuant to the FMLA.

39. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

40. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all issues so triable.

DATED this 26th day of May 2023.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com